# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JULIO REYES ACEDO, | § | |
| Movant | § | |
| | § | |
| V. | § | A-08-CA–749-LY |
| | § | (A-08-CR-027-LY) |
| UNITED STATES OF AMERICA, | § | |
| Respondent | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 34) filed January 20, 2009. Movant originally filed a different Motion to Vacate on October 3, 2008. On October 9, 2008, this Court notified Petitioner that he had:

> filed his Motion on a preprinted form for individuals in federal custody wishing to file a successive § 2255 petition. In this case it appears that Movant has not filed an initial § 2255 petition, and thus the form he has used does not properly lay out his legal claims regarding his sentence. Accordingly, the Court ORDERS the Clerk's Office to send Petitioner a copy of the form for a Motion to Vacate, Set Aside or Correct Sentence brought pursuant to 28 U.S.C. § 2255, and ORDERS Petitioner to re-brief his claims using this form by November 10, 2008.

*See* Clerk's Doc No. 28. On December 5, 2008, more than three weeks after his deadline to respond, Petitioner filed a Motion for Extending Time Pursuant to Rule 6(b)(B) to File His Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Clerk's Doc. No. 29), requesting forty-five additional days to file various motions, an affidavit, and a memorandum of law. This Court denied that Motion. However, Movant filed a second Motion for Extension of Time to File Motion to Vacate, Set Aside, or Correct Sentence and a second Motion to Vacate, Set Aside, or Correct Sentence. In an Order signed January 26, 2009, the District Court granted the Motion for Extension

and ordered the Clerk to file Petitioner's second Motion to Vacate as an Amended Motion to Vacate Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 34). This Court entered a Scheduling Order and the Government filed a Response (Clerk's Doc. No. 42) on February 23, 2009. On March 6, 2009, Petitioner filed a Motion to Extend Time to File a Response (Clerk's Doc. No. 43) requesting 60 additional days to respond because of a recent riot and lockdown of the prison in which he is housed. On March 10, 2009, this Court granted the Motion in part and allowed Petitioner until April 15, 2009 to file his Reply. Petitioner filed a Reply on April 20, 2009 (Clerk's Doc. No. 45), which the Court will consider.[1]

Having reviewed the current pleadings on file, the Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## BACKGROUND

On February 5, 2008, Movant Julio Reyes Acedo was indicted for illegal re-entry of a deported alien in violation of 8 U.S.C. § 1326. On February 26, 2008, Acedo pled guilty to the indictment. On May 9, 2008, the District Court sentenced Acedo to a 70-month term of imprisonment, followed by a 3-year term of supervised release. Acedo did not directly appeal his sentence. On January 20, 2009, Acedo filed the instant amended motion. Acedo makes the following claims: (1) that his 70-

---

[1] The Court notes that movant has complained that he has been denied access to a law library or books because his prison is still on lockdown after a riot that occurred in January. Interestingly, Movant cites to various cases in his Reply, so to the extent that Movant argues that the alleged lack of access to books has impeded his ability to argue his claims, it is clear that he in fact does have some access to legal materials. Moreover, Movant fails to articulate exactly how access to law books would help him respond to the Government's Response, given that the response relies mainly on factual assertions, not legal arguments or case citations.

month sentence is unreasonable; (2) the Sentencing Guidelines for illegal re-entry are not based upon "empirical or national experience;" and (3) counsel was ineffective for: (a) failing to ask for a hearing and not submitting a motion to correct a DUI felony used to enhance Movant's sentence; (b) failing to inform Movant about or discuss his case with him;[2] (c) advising Movant to plead guilty and that he was going to get "seven or eight," which Movant understood as months and not years; (d) failing to go over the PSI with Movant; (e) failing to submit exculpatory motions relating to Movant's indictment; and (f) failing to file a motion requesting that a prior felony committed 18 years beforehand not be used to enhance Movant's sentence. Acedo also moves for an evidentiary hearing on these issues, which this Court DENIES.

## ANALYSIS

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional

---

[2] In his Reply Movant also asserts that counsel was ineffective for failing to "get him a plead deal." *See* Reply at p. 3.

magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). Acedo pled guilty without a plea agreement, and as noted above, he did not directly appeal his sentence.

### A. Ineffective Assistance of Counsel Claims

As set out earlier, Movant argues six separate ineffective assistance of counsel claims. In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the

4

outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

1. **Failure to ask for a hearing and failure to submit a motion to correct a DUI felony used to enhance Movant's sentence**

Movant argues that his attorney was ineffective because counsel failed to ask for a hearing and failed to argue that an 18-year old DUI should not be used to enhance his sentence because he did not commit the DUI.[3] In an illegal reentry case there are three distinct ways that a prior criminal conviction can be taken into account in the sentencing determination. First, the *statutory* sentencing parameters will be increased if the defendant was convicted of any felony crime, or three or more misdemeanor crimes involving drugs or crimes against a person, prior to his deportation and reentry. *See* 8 U.S.C. § 1326(b)(1) and (2). Second, as with all criminal cases, the defendant's Guideline "criminal history category" will be impacted by any prior convictions, and the criminal history category is one factor taken into account in determining the advisory sentencing range. Finally, based on the statutory enhancements for prior convictions, the Guidelines for an illegal reentry offence include adjustments based on prior convictions.

With regard to the first issue—the Movant's statutory sentencing range—the Movant was informed and aware that he was facing a maximum term of imprisonment of 20 years. The PSR set

---

[3]The Petition describes the offense as a "DUI felony that enhanced Movant's sentenced [sic]. Felony which Movant did not commit and he informed Counsel that is was another person who did it." Memorandum of Law in Support of Motion Pursuant to 28 U.S.C. § 2255 at 12. In looking at the PSR, the only DUI offense the Court can find is a conviction for driving while under the influence of alcohol or drugs in 1994, which is listed as a misdemeanor. PSR at ¶ 24. Presumably that is the conviction the Movant is referring to on this point.

this out on the cover page, under the heading "Offense," where the offense is identified as re-entry of a deported alien, with the penalty listed as "20 years imprisonment/$250,000 fine; not more than 3 years supervised release; $100 special assessment."[4]  Movant's criminal history includes felony convictions in 1996 (possessing or purchasing a controlled substance for sale), 1998 (felon in possession of a firearm), and 2005 (transporting, selling or importing controlled substances). *See* PSR at ¶¶ 26, 28, and 33.  Section 1326 provides that a person who illegally re-enters the United States after being convicted of an aggravated felony is exposed to a maximum sentence of 20 years of imprisonment. 8 U.S.C. § 1326(b)(2). "Aggravated felony" is defined to include a "drug trafficking crime." 8 U.S.C. § 1101(43)(B). The PSR correctly notes that the 1996 conviction is considered a "drug trafficking crime." *Id.* at ¶ 7.  Thus, under the statute, the sentencing range was zero to twenty years.  Movant was properly notified of this fact at his sentencing hearing, Tr. at 3. More pertinent to the point before the Court, the DUI conviction Movant complains about played no part whatsoever in determining his statutory sentencing range. Rather, it was the prior drug trafficking felony which had that effect.

On the second issue—the alleged use of the DUI conviction in calculating the Movant's criminal history category—to the extent Movant's petition is construed to complain of this, this argument is misplaced.  The Presentence Report reflects that the Movant was convicted of driving while under the influence of alcohol or drugs in 1994.  PSR at ¶ 24.  It also reflects that no criminal history points were added to the calculation of Movant's criminal history category for this conviction.

---

[4]In ¶ 59, the PSR states that "the maximum term of imprisonment for Count One is 10 years, pursuant to 8 U.S.C. § 1326(b)(2)."  In fact, § 1326(b)(2) provides for a 20 year maximum sentence, not a 10 year maximum, and the mention of a 10 year maximum in ¶ 59 was in error.

6

*Id.* Accordingly, Movant's criminal history category (and thus his sentence), was not enhanced in any way for the DUI conviction.

The final issue—use of the DUI conviction to adjust the Movant's offense level—is also a non-issue. While there *was* a 16-level upward adjustment included in the Guideline calculations for Movant, that adjustment was based upon the 1996 conviction for possessing or purchasing a controlled substance for sale, which the Guidelines consider a "drug trafficking" conviction, along with the 1998 felon in possession of a firearm conviction. *See* PSR at ¶ 14. Based on these convictions, a 16-level increase was mandated by the Guidelines. *See* U.S.S.G. § 2L1.2(b)(1)(A).

In short, Movant's DUI conviction played absolutely no part in the Court's sentencing determination. Instead, it was his three prior felony convictions, and specifically his drug trafficking crime from 1996, which had the most significant enhancing effect on the Movant's sentence. The DUI conviction did not affect Movant's statutory sentencing range, his criminal history category, or his Guideline adjustments. Thus, assuming that there was evidence to support Movant's claim that he did not commit the DUI offense, it would have been futile for counsel to move for a hearing or argue this point, as it had no impact on the sentencing determination. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir.1997), *cert. denied*, 525 U.S. 969 (1998) (failure to make a frivolous objection cannot be grounds for a finding of ineffective assistance of counsel).

### 2. Failure to properly inform Movant about or discuss his case with him

Next, Movant argues that he was denied the effective assistance of counsel because his attorney failed to properly inform him about or discuss his case with him. Movant claims that his attorney failed to advise him of his potential sentence—that when his attorney told him he was getting "seven or eight" he thought he meant months and not years.

The sentencing in Movant's case took place on May 9, 2008. At the sentencing proceeding, the Court asked Movant if he was aware of the probation office's computation of his Sentencing Guideline range of 70 to 87 months. The Movant responded "Yes" to this question. The Court also asked Movant if he was "also aware that under the statute under which you have been found guilty, I could sentence you up to 20 years confinement in the Bureau of Prisons?" Movant again responded "Yes." *See* Transcript at p. 3. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Given these sworn statements that he understood both the guideline range and the maximum sentence possible, Movant cannot now claim that he misunderstood his potential sentence because of his attorney's deficient performance.

Further, there is no evidence to support Movant's claim this attorney failed to inform him of his potential sentence. Likewise, to the extent Movant complains that counsel failed to secure a plea agreement for him, there is no evidence that a plea agreement was ever offered—an unlikely event in light of the fact the Movant was charged with one count of illegal re-entry of a deported alien and plea agreements s in these cases are extremely rare. Moreover, the conclusory nature of this allegation is alone sufficient to doom this claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (vague references to sixth amendment rights are insufficient to raise constitutional issue); *Barnard v. Collins*, 958 F.2d 634, 642 n.11 (5th Cir. 1992) (habeas petitioner must show how alleged errors and omissions were constitutionally deficient); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (mere conclusory allegations on critical issue insufficient to raise constitutional issue).

Additionally, the two-part Strickland test applies to guilty pleas in which ineffective assistance of counsel is alleged. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To satisfy the prejudice requirement,

8

"the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Id.* at 60. Movant has failed to make such a showing. Thus, under *Strickland* Movant has failed to establish ineffective assistance of counsel related to his attorney's keeping him informed and this claim fails.

3. **Failure to go over the PSI with Movant**

Movant argues that his counsel was deficient for failing to adequately review his Presentence Investigation Report with him.[5] "At sentencing, the court: must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report." FED. R. CRIM. P. 32. However, there is no absolute rule that the court "specifically ask a defendant whether he has read the PSIR." *United States v. Victoria*, 877 F.2d 338, 340 (5th Cir. 1989). The court is permitted to "draw reasonable inferences from court documents, the defendant's statements, and counsel's statements" to determine whether the defendant has been given an opportunity to read the PSR with his counsel. *Id.* at 340.

In this case, at sentencing the District Court stated "Mr. Reyes-Acedo, have you had sufficient time to review the presentence investigation report that was prepared by the probation department in this case, with your, attorney?" Movant responded "Yes." *See* Transcript at p. 3. As stated above, "solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge*, 431 U.S. at 73-74. The Court finds that

---

[5]The Court notes that Movant asserts in his first claim of ineffective assistance that he informed counsel that he did not commit a D.U.I. that was allegedly used to enhance his sentence. The only tenable source of this D.U.I. information was the presentence report, so Movant's claim that his counsel failed to review the PSI with him is undercut by his own contentions.

9

this statement is sufficient to establish that Movant reviewed the PSR with counsel prior to sentencing.

Movant must establish deficient performance and prejudice to seek relief under the Sixth Amendment. *Strickland*, 466 U.S. at 687. Movant has failed to establish that his counsel's performance was deficient as he has failed to establish that he did not review the PSR prior to sentencing. Additionally, Movant has failed to demonstrate the reasonable probability that even had counsel reviewed the PSR with him as he claims counsel did not, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 688, 694 (1984). Movant points out nothing in the PSR that ultimately would have affected his Guideline range or otherwise shorten his potential sentence. This claim fails.

### 4. Failure to submit exculpatory motions relating to Movant's indictment

Movant argues that his counsel was ineffective for failing to file "exculpatory" motions regarding his indictment. Movant does not specify exactly what exculpatory evidence counsel failed to identify, but his claim is appears to be that the Government withheld evidence in violation of the Fifth Amendment and *Brady v. Maryland*, 373 U.S. 83(1963).

This argument is foreclosed by Fifth Circuit precedent because Movant pled guilty. *See Orman v. Cain*, 228 F.3d 616, 617 (5th Cir. 2000) ("*Brady* requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty. Because the Supreme Court has yet to extend *Brady* to guilty pleas (let alone extend it retroactively), the district court erred . . . ."); *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir. 2000) ("Because a *Brady* violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to

disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation.") (internal quotation omitted); *see also United States v. Ruiz*, 536 U.S. 622, 634 (2002) (Thomas, J., concurring) ("The principle supporting *Brady* was avoidance of an unfair trial to the accused. That concern is not implicated at the plea stage regardless.") Thus since Movant pled guilty, he cannot establish that his counsel's performance was deficient for failing to file a frivolous motion, nor has he established prejudice as he has failed to point out any evidence that would have exculpated him from his illegal re-entry charge, had it been produced.

### B. Claim that His Sentence Is Unreasonable

Acedo's next claim is that his 70-month sentence is "unreasonable" because it is greater than necessary to accomplish the goals of sentencing. He asserts that the sentence for "simple re-entry" should be a maximum of six months. Citing to *Kimbrough v. United States*, --- U.S. ----, 128 S.Ct. 558, 570, 169 L.Ed.2d 481 (2007), Movant challenges U.S.S.G. § 2L.1.2, the Sentencing Guideline for illegal re-entry, as not supported by empirical data or national experience. Thus, he argues, his sentence, calculated pursuant to that Guideline is not subject to a presumption of reasonableness.

On direct appeal[6], the Fifth Circuit ordinarily applies a presumption of reasonableness to a District Court's within-guidelines sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337,

---

[6] Movant did not directly appeal his sentence. A statutory claim that could have been raised on direct appeal, is not cognizable under § 2255. When claims of constitutional or jurisdictional import are not raised on direct appeal, the claims are procedurally defaulted, and can only be considered in a § 2255 proceeding if the movant can show cause for his failure to raise his claims on appeal, and actual prejudice resulting from the alleged errors. *United States v. Placenta*, 81 F.3d 555, 558 (5th Cir. 1996) ("[A] defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors.") Movant has not done so here. However, he has alleged ineffective assistance of counsel "throughout the proceedings." *See* Petitioner's Motion at p. 14. Thus, although Movant has not alleged that he requested that counsel file a direct appeal of his guilty plea, in an abundance of caution, the Court addresses the merits of his claim.

11

338 (5th Cir.), cert. denied, 129 S.Ct. 328 (2008). In this case, Movant's violation of 8 U.S.C. § 1326 carried a statutory maximum of 20 years because he had a prior felony drug trafficking conviction, which is considered an aggravated felony under that statute. His Guideline range was 70 to 87 months. Thus his 70-month sentence was at the bottom of his Guidelines range. There is clear caselaw supporting the fact that where a district court imposes a sentence within the Guidelines range, such as the sentence here, the appellate presumption of reasonableness applies. *Gall v. United States*, 128 S.Ct. 586, 596-97 (2007).

In an effort to undermine the presumption of reasonableness, Movant argues that the Guideline for illegal entry is not based upon "empirical data or national experience." *Kimbrough v. United States*, 128 S.Ct. 588, 574-75 (2007). In *Kimbrough v. United States*, the Supreme Court approved of a downward departure from the crack cocaine guidelines, noting that, because the guidelines for crack cocaine were not based on empirical data and national experience, "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." 128 S.Ct. 558, 575 (2007). Thus, in *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by the Fifth Circuit's decision in *U.S. v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008), where the Fifth Circuit rejected challenges that sentences that result from Guidelines *enhancements* should not, on appeal, be given a presumption of reasonableness on appeal. Additionally, as recently as March 9, 2009, in an unpublished opinion, the Fifth Circuit applied the presumption of reasonableness to a within-guideline sentence that was attacked as too harsh. *United States v. Hernandez-Gray*, 2009 WL 536447

(5th Cir. March 9, 2009). In that case, Hernandez-Gray appealed his 70-month sentence for illegal reentry. His range, like Movant's here was 70 to 87 months. Hernandez-Gray argued that the sentencing guidelines for illegal reentry are not supported by empirical data and national experience and thus the presumption of reasonableness should not apply. The Circuit rejected this argument. Similarly, this Court finds Movant has failed to establish this claim.

### C. Evidentiary Hearing

Movant requests an evidentiary hearing. Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## RECOMMENDATION

Based on the above, the Court **RECOMMENDS** that the District Court **DENY** Julio Reyes Acedo's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Clerk's Doc. No. 26).

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Common*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 16th day of June, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE